Filed 7/27/22  In re K.S. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re K.S., <br><br> a Person Coming Under the Juvenile Court Law. | B312334 <br><br> (Los Angeles County Super. Ct. No. 21CCJP00758) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>    Plaintiff and Respondent, <br><br>    v. <br><br> L.T., <br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Dismissed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

On appeal, Mother L.T. challenges the sufficiency of the evidence supporting the juvenile court's exercise of jurisdiction over her newborn son, K.S., under Welfare and Institutions Code section 300, subdivision (b).[1] Notwithstanding that Mother tested negative for each of the four drug tests administered during the dependency proceedings, the juvenile court found jurisdiction was proper based on Mother's history of methamphetamine use and the termination of Mother's parental rights relating to K.S.'s siblings, G.S., just three months prior to adjudication, and B.C., approximately a year and a half prior to adjudication, due to Mother's substance abuse and failure to participate in the case plan.[2]

While this appeal was pending, the juvenile court placed K.S. with Mother and terminated dependency jurisdiction. Accordingly, Mother's appeal is moot, and she has not demonstrated any nonspeculative prejudice as a result of the jurisdictional findings. Thus, we dismiss Mother's appeal.

_____

[1] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] The juvenile court found the evidence was insufficient to remove K.S. from Mother's custody, and Mother does not challenge the juvenile court's dispositional orders on appeal.

K.S.'s father, Gene S., is not a party to this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Prior Child Welfare History

In 2019, the juvenile court removed Mother's children, infant son G.S. and teenager B.C., from Mother due to Mother's methamphetamine use.  The juvenile court sustained allegations that, inter alia, G.S. tested positive for amphetamines at his birth.

On September 9, 2020, the juvenile court terminated family reunification services relating to G.S.  On September 25, 2019, the juvenile court terminated jurisdiction as to B.C., and granted sole legal and physical custody of B.C. to her father, Bradley C.  In January 2021, the juvenile court terminated Mother's parental rights as to G.S.  Neither B.C. nor G.S. is a subject of this appeal.

### B.    Dependency Proceedings Relating to K.S.

In December 2020, while dependency proceedings relating to G.S. were pending, K.S. was born.  At this birth, Mother tested negative for substances.  The following day, the Department of Children and Family Services (DCFS) received a general neglect referral based on Mother's failure to reunify with G.S. due to substance abuse.  There was no indication that K.S. was in immediate danger.

On February 18, 2021, DCFS filed a petition alleging K.S. came within the jurisdiction of the juvenile court under section 300, subdivisions (b) and (j).  DCFS alleged that K.S. suffered or there was a substantial risk of him suffering serious harm based upon Mother's history of methamphetamine and amphetamine use.  Further, DCFS alleged risk of harm to K.S. based upon G.S. and B.C.'s status as current and prior dependents of the juvenile court.

On February 23, 2021, the juvenile court found that DCFS demonstrated a prima facie case that K.S. was a person described by section 300. Further, it found that reasonable services existed to prevent K.S. being detained from Mother and released K.S. to Mother's home. The juvenile court ordered DCFS to provide maintenance services to K.S. and his parents, conduct unannounced visits in the family home, and to provide case-appropriate referrals to the parents, including drug testing for Mother.

Mother tested negative for substances on January 12, 2021, March 4, 2021, March 19, 2021, and April 1, 2021. The jurisdiction and disposition report does not indicate that Mother missed any tests or had any positive results.

On April 23, 2021, the juvenile court acknowledged that the recent negative tests were "commendable" but found that "look[ing] at all of the circumstances," including the "unresolved" issues pertaining to the siblings' case, DCFS had met its burden of proof sufficient to sustain the allegations in the petition. It thus found K.S. a dependent of the juvenile court under section 300, subdivisions (b) and (j). However, the court did not find that clear and convincing evidence supported a basis for removal from Mother's custody. The juvenile court ordered Mother to participate in random drug tests, a 12-step program, and parenting, individual, and drug counseling.

Mother timely appealed.

While the appeal was pending, on October 20, 2021, the juvenile court placed K.S. with Mother and terminated the dependency proceedings. Mother's time to appeal from the juvenile court order terminating jurisdiction and awarding

4

custody has expired, and Mother has not initiated an appeal from that order.

## DISCUSSION

In respondent's brief and by a separate motion to dismiss, DCFS argues Mother's appeal is moot because there is no longer an active controversy and no effective relief that we may grant.

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) " 'A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) Generally, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot where the appellate court cannot provide effective relief. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[D]ismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.' " (*Ibid.*)

An appellate court may exercise its discretion to hear an otherwise moot appeal where the asserted error "(1) serves as the basis for [the juvenile court's] dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) 'could have other consequences for [the appellant], beyond jurisdiction.' " (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.) We also have

5

discretion "to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review." (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.)

Mother argues we should reach the merits of her appeal because the jurisdictional findings would (1) impair her ability to serve as a placement option for other family members under section 361.3, subdivision (a)(5); and (2) subject Mother to registration in the Child Abuse Central Index (CACI) under the Child Abuse and Neglect Reporting Act (CANRA; Pen. Code, § 11164 et seq.). We are not persuaded.

Section 361.3, subdivision (a)(5) provides that in considering the appropriateness of a relative placement, the social worker and court must consider "[t]he good moral character of the relative and any other adult living in the home, including whether any individual residing in the home has a prior history of violent criminal acts or has been responsible for acts of child abuse or neglect." However, Mother has already had allegations of neglect as a result of substance abuse sustained as to two other children: G.S. and B.C. These findings are not remote in time. Indeed, the juvenile court terminated Mother's parental rights as to G.S. only three months prior to its jurisdictional findings relating to K.S. Thus, to the extent the jurisdictional findings relating to K.S. would preclude Mother from relative placement, it is more likely than not that Mother is already precluded from relative placement due to the sustained petitions relating to G.S. and B.C. Moreover, Mother concedes she does not "presently ha[ve] relatives that might be subject to placement under section 361.3." Accordingly, any prejudice or consequences to Mother as a result of the jurisdictional findings is purely speculative, and

6

we will not exercise our discretion to hear the merits of Mother's moot appeal on this basis.

As to Mother's second argument, CANRA requires DCFS to "forward to the Department of Justice a report in writing of every case it investigates of known or suspected child abuse or *severe* neglect that is determined [by the agency] to be substantiated." (Pen. Code, § 11169, subd. (a), italics added.)

" 'Severe neglect' means the negligent failure of a person having the care or custody of a child to protect the child from severe malnutrition or medically diagnosed nonorganic failure to thrive.  'Severe neglect' also means those situations of neglect where any person having the care or custody of a child willfully causes or permits the person or health of the child to be placed in a situation such that his or her person or health is endangered, as proscribed by [s]ection 11165.3, including the intentional failure to provide adequate food, clothing, shelter, or medical care."  (Pen. Code, § 11165.2, subd. (a).)  In contrast, " '[g]eneral neglect' means the negligent failure of a person having the care or custody of a child to provide adequate food, clothing, shelter, medical care, or supervision where no physical injury to the child has occurred."  (Pen. Code, § 11165.2, subd. (b).)

Also, CANRA requires that at the time DCFS forwards the report to the Department of Justice, it must "also notify in writing the known or suspected child abuser that he or she has been reported to [CACI]."  (Pen. Code, § 11169, subd. (c).)

Mother has not demonstrated that she is in danger of having the jurisdictional findings as to K.S. deemed to be "severe neglect."  Nor has she claimed to have received the notice required by Penal Code section 11169, subdivision (c) relating to K.S., or even relating to G.S. or B.C.  Thus, Mother has not

7

provided any legal or factual basis for her assertion that she may be subject to inclusion in CACI. Further, if Mother were to be included in CACI, the sustained allegations relating to G.S. and B.C. already provided bases for doing so. Thus, Mother has not demonstrated prejudice or adverse consequences as a result of the jurisdictional findings relating to K.S, and we will not exercise our discretion to consider the merits of her appeal.

## DISPOSITION

We dismiss the appeal as moot.

NOT TO BE PUBLISHED

KELLEY, J.\*

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.